Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 28, 2007 in Franklin County, which denied petitioner’s application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
In 2004, petitioner was convicted of multiple felonies and was sentenced to an aggregate term of 13 to 39 years in prison. The sentence and commitment form directed that he be “committed to the custody of the New York City Department of Correction to be delivered to and incarcerated in the appropriate correctional facility.” Following his incarceration, petitioner commenced the instant proceeding for a writ of habeas corpus, claiming that the sentencing court violated Penal Law § 70.20 (1) (a) and did not properly proclaim the sentence. Supreme Court denied petitioner’s application without a hearing, resulting in this appeal.
Penal Law § 70.20 (1) (a) provides, in pertinent part, that “when an indeterminate or determinate sentence of imprisonment is imposed, the court shall commit the defendant to the custody of the state department of correctional services.” The sentencing court’s oral directive is not inconsistent with this provision even though it did not contain a specific directive regarding which agency would exercise custody over petitioner. While the sentence and commitment form signed by the Court Clerk committed petitioner to the City Department of Correction, the further directive to deliver him to and incarcerate him in the appropriate correctional facility necessarily required his transfer to the State Department of Correctional Services as the imposed sentence could only be served in a state facility (see Penal Law § 70.20 [1] [a]). Similarly, the judgment of conviction is not invalid merely because the sentencing court, when listing *916 the number of years associated with each count, failed to specifically state that the lower number was the “minimum” and the higher number the “maximum” of the prison term. This information was implicit and petitioner has not alleged any confusion regarding the terms of his sentence. In any event, since petitioner would not be entitled to immediate release based upon these alleged errors, habeas corpus relief is unavailable (see People ex rel. Simpson v Greene, 18 AD3d 923 [2005], lv denied 5 NY3d 707 [2005]; People ex rel. Pilgrim v Greene, 16 AD3d 787, 788 [2005], lv denied 5 NY3d 706 [2005]).
Cardona, EJ., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.